ANGELA SANDERS
PRO SE
601 Napa Avenue
Rodeo, California 94572
Telephone: (510) 852-9320
Email: angela.sanders13@gmail.com

FILED
JAN 21 2025
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>ANGELA ELEANOR SANDERS,<br><br>Debtor.<br><br>ANGELA ELEANOR SANDERS,<br><br>Plaintiff.<br><br>v.<br><br>VWH CAPITAL MANAGEMENT, LP;<br>VRMTG ACQ, LLC;<br>VRMTG ASSET TRUST;<br>US BANK TRUST, NA, Not in Its Individual Capacity, but Solely as Owner Trustee for VRMTG Asset Trust;<br>FAY SERVICING, LLC;<br>FEDERAL HOME LOAN MORTGAGE CORPORATION;<br>SPECIALIZED LOAN SERVICING, LLC;<br>WELLS FARGO BANK, NA;<br><br>and Does 1 to 100.<br><br>Defendants. | Case No.: 16-40374-RLE13<br><br>Chapter 13<br><br>Adversary Proceeding Case No. _____<br><br>**COMPLAINT FOR (1) DECLATORY RELIEF; (2) INJUNCTIVE AND EQUITABLE RELIEF; (3) RECOVERY OF FUNDS; (4) DETERMINATION OF LIEN VALIDITY; (5) BREACH OF CHAPTER 13 PLAN; (6) DETERMINATION OF VALIDITY OF LOAN AND SECURITY; AND (7) ADDITIONAL GROUNDS FOR RECOVERY**<br><br>DATE: [To Be Set By Summons]<br>TIME: [To Be Set By Summons]<br>COURTROOM: [To Be Set By Summons]<br>LOCATION:<br>United States Bankruptcy Court<br>Northern District of California -<br>Oakland Division<br>1300 Clay Street<br>Oakland, CA 94604-1426 |

- 1 -

## INTRODUCTION

1. Plaintiff, Angela Eleanor Sanders ("Debtor"), brings this adversary proceeding against Defendants for their improper servicing, miscrediting of payments, and issuance of conflicting promissory notes, which call into question the validity of the loan and lien on Plaintiff's property.

2. Plaintiff seeks declaratory and injunctive relief, the recovery of miscredited funds, and a determination of lien validity. Plaintiff further seeks damages for Defendants' breach of the Chapter 13 Plan and other equitable relief as deemed appropriate by this Court.

## COMPLAINT

Angela Eleanor Sanders ("Debtor") files this Complaint and moves for

(1) Declaratory Relief: A court declaration to rectify payment misapplications, resolve general accounting errors, and ascertain the validity of the loan and security.

(2) Injunctive and Equitable Relief: Measures to correctly implement the Debtor's COVID-19 forbearance, amend accounting errors, and establish a viable exit strategy.

(3) Recovery of Funds: A process to reclaim any mismanaged funds or property by the servicer.

(4) Determination of Lien Validity: A proceeding to determine the legitimacy, precedence, or extent of any liens or claims on the Debtor's property.

(5) Breach of Chapter 13 Plan: Allegations that the Defendants violated the Debtor's Chapter 13 plan, with a request for suitable remedies; and

(6) Promissory Note Discrepancies: Addressing concerns over two different versions of the promissory note filed by the Defendants, questioning the loan and security's validity; and

(7) additional grounds for recovery against Defendants VRMTG Asset Trust, US Bank Trust National Association (Not in Its Individual Capacity, But as Owner Trustee for VRMTG Asset Trust), (hereinafter "VRMTG"); Fay Servicing, LLC (hereinafter "Fay"); Federal Home Loan Mortgage Corporation, (hereinafter "Freddie Mac"); Specialized Loan Servicing LLC (hereinafter "SLS"), and Wells Fargo Bank, NA (hereinafter "Wells"); The Debtor alleges as follows:

sponsored entity that was previously involved in Plaintiff's mortgage.

13. Defendant **Specialized Loan Servicing, LLC** is a loan servicer that handled aspects of Plaintiff's loan before or during the Chapter 13 case.

14. Defendant **Wells Fargo Bank, NA** is a national banking institution that was involved in the servicing or transfer of Plaintiff's loan.

15. Plaintiff also names **Does 1–100**, whose identities are currently unknown, but who may be liable for the acts alleged herein.

### III. STATEMENT OF FACTS

16. Plaintiff filed a Voluntary Petition for Individuals Filing Bankruptcy with the United States Bankruptcy Court, Northern District of California, Oakland Division (hereinafter "Court"), seeking the Court's protection. (Main Case No. is 16-40374) on February 11, 2016, and her Chapter 13 Plan was confirmed on July 8, 2016.

17. , Wells Fargo Bank, NA filed Proof of Claim 3-1 in the amount of $139,025.58 with arrears in the amount of $39,121.42 on June 13, 2016.

18. Plaintiff made payments under her Chapter 13 Plan, which were improperly miscredited by Defendants and **Fay Servicing, LLC** and its successors and assignees.

19. During the course of her bankruptcy case, Plaintiff discovered that Defendants had produced two conflicting versions of the promissory note purportedly governing her mortgage loan, raising questions about the validity of the loan and lien on her property.

20. Despite Plaintiff's attempts to resolve these discrepancies, Defendants have failed to correct their accounting errors or provide a clear explanation of the promissory note discrepancies.

21. Defendants' actions have caused Plaintiff financial harm, confusion, and difficulty in completing her Chapter 13 Plan

22. Defendants failed to establish a "dual account system" to properly separate pre- and post-petition payments. Plaintiff's post-petition payments were miscredited toward pre-petition arrears, resulting in inaccurate balances and financial harm. Defendants also mishandled escrow payments, causing inflated demands and payment discrepancies.

## I. JURISDICTION AND VENUE

3. This adversary proceeding arises under 11 U.S.C. §§ 105(a), 506, and 1322(b)(5), and seeks relief under 28 U.S.C. §§ 2201–2202 (Declaratory Judgment).

4. This Court has jurisdiction under **28 U.S.C. §§ 1334** and **157**, as this adversary proceeding arises in and relates to Plaintiff's bankruptcy case, Case No. 16-40374-RLE13.

5. Venue is proper under **28 U.S.C. §§ 1408 and 1409**, as the events giving rise to this proceeding occurred in this District, and Plaintiff's bankruptcy case is pending here.

6. This is a core proceeding under **28 U.S.C. § 157(b)(2)**, including but not limited to:

- **(B):** Allowance or disallowance of claims against the estate;
- **(K):** Determinations of the validity, extent, or priority of liens; and
- **(O):** Other proceedings affecting the debtor-creditor relationship.

## II. PARTIES

7. Plaintiff is the Debtor in Chapter 13 Bankruptcy Case No. 16-40374, pending in this Court, and the sole legal owner of the property located at **601 Napa Avenue, Rodeo, California 94572** (the "Subject Property").

8. Defendant **VWH Capital Management, LP** is a private investment fund manager that oversees the acquisition and management of nonperforming loans, including Plaintiff's mortgage loan.

9. Defendant **VRMTG ACQ, LLC** and Defendant **VRMTG Asset Trust** are entities associated with the ownership and servicing of Plaintiff's mortgage loan.

10. Defendant **US Bank Trust, NA**, not in its individual capacity but solely as owner trustee for VRMTG Asset Trust, is a national trust company claiming a secured interest in the Subject Property.

11. Defendant **Fay Servicing, LLC** is the servicer of Plaintiff's mortgage loan and is responsible for loan payment accounting.

12. Defendant **Federal Home Loan Mortgage Corporation** ("Freddie Mac") is a government-

## IV. CLAIMS FOR RELIEF

**Count 1: Declaratory Relief (28 U.S.C. § 2201)**

23. . Plaintiff seeks a declaratory judgment determining:

**Count 2: Injunctive Relief**

24. Plaintiff seeks an injunction compelling Defendants to correct payment records and refrain from further miscrediting payments

- The validity of the lien and promissory note;
- The proper application of payments made under the Chapter 13 Plan.

**Count 3: Breach of Chapter 13 Plan**

25. Defendants violated the confirmed Chapter 13 Plan by failing to accurately account for payments.

**Count 4: Determination of Validity of Loan and Security**

26. Plaintiff requests that the Court determine which promissory note governs the loan and the validity of the lien on the Subject Property.

## V. Miscrediting of Funds

### A. Post-Petition Payment Misapplication

27. Plaintiff made timely post-petition mortgage payments as required under her confirmed Chapter 13 Plan.

28. Defendants, including Wells Fargo Bank, NA, misapplied Plaintiff's post-petition payments by improperly crediting them toward pre-petition arrears instead of treating the loan as current under 11 U.S.C. § 1322(b)(5).

29. Defendants failed to establish and maintain a "dual account system," which is necessary to properly account for pre-petition arrears separately from ongoing post-petition payments.

30. As a result, Plaintiff's payments were incorrectly classified as late or unpaid, creating inaccurate arrearage balances and causing financial and emotional distress.

- 5 -

## B. Escrow and Suspense Account Errors

31. Defendants further compounded the inaccuracies by improperly handling Plaintiff's escrow payments and suspense account balances.

32. For example, Wells Fargo Bank, NA:

33. Failed to apply overages from Plaintiff's payments toward principal balances.

34. Misclassified payments, leading to inaccurate escrow analyses and inflated monthly payment demands.

35. These errors continued after servicing transferred to Fay Servicing, LLC, which failed to correct the misapplications or address the discrepancies.

## C. Impact of Miscrediting

36. The misapplication of Plaintiff's payments caused significant harm, including:

    - Incorrect arrearage balances, which jeopardized Plaintiff's ability to cure pre-petition defaults.
    - Erroneous escrow analyses resulting in fluctuating monthly payment demands.
    - Emotional and financial distress caused by ongoing inaccuracies in loan servicing.

37. Plaintiff has attached true and correct copies of key statements, escrow analyses, and payment records as **Exhibit A** to support these allegations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment regarding the validity of the lien and promissory note;
2. An injunction compelling Defendants to correct accounting errors;

3. Damages resulting from Defendants' breach of the Chapter 13 Plan;
4. Costs as permitted by law;
5. Injunctive relief requiring Defendants to correct payment records and properly account for pre- and post-petition payments;
6. Damages caused by the ongoing servicing errors.;
7. Any other relief the Court deems just and proper.

DATED: January 20, 2025

**Angela Eleanor Sanders**

**Plaintiff, Pro Se**