WRIGHT, FINLAY & ZAK, LLP
Arnold L. Graff, SBN 269170
Kristina M. Pelletier, Esq., SBN 279533
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9142
kpelletier@wrightlegal.net; agraff@wrightlegal.net

Attorneys for Defendants,
FAY SERVICING, LLC; US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (*erroneously sued separately as* "US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust" and "VRMTG ASSET TRUST"); VWH CAPITAL MANAGEMENT, LP; and VRMTG ACQ, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ANGELA ELEANOR SANDERS,<br><br>    Debtor.<br>_____<br><br>ANGELA ELEANOR SANDERS,<br>    Plaintiff,<br> vs.<br><br>VWH CAPITAL MANAGEMENT, LP; VRMTG ACQ, LLC; VRMTG ASSET TRUST; US BANK TRUST, NA, Not in Its Individual Capacity, but Solely as Owner Trustee for VRMTG Asset Trust; FAY SERVICING, LLC; FEDERAL HOME LOAN MORTGAGE CORPORATION; SPECIALIZED LOAN SERVICING, LLC; WELLS FARGO BANK, NA; and Does 1 to 100,<br><br>    Defendants. | Adversary Case No.: 4:25-ap-4001<br><br>Bankruptcy Case No.: 4:16-bk-40374<br><br>*Assigned to Hon. Charles Novack*<br><br>**MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP Rule 12(b)(1), (6)]**<br><br>*[Filed Concurrently with Notice of Hearing; Request for Judicial Notice]*<br><br>**Hearing:**<br>Date: March 21, 2025<br>Time: 11:00 a.m.<br>Crtrm: 215 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The instant lawsuit is nothing more than a continuation of Plaintiff's frivolous attempts to relitigate the same claims over and over again. This Court has determined over multiple years and multiple contested matter hearings throughout this Bankruptcy, and after a thorough review of evidence that the Trust's loan documents are valid, enforceable and that no evidence of misapplication of funds was ever provided to the Court by Plaintiff. Nevertheless, Plaintiff continues to challenge the subject loan and assert that her payments were "misapplied", despite this Court's adjudication against her. Not only were Plaintiff's claims adjudicated against her on multiple occasions in the Bankruptcy, but after she appealed the judgment to the Bankruptcy Appellate Panel, that judgment was affirmed. Instead of accepting the Order affirming the judgment, Plaintiff filed this Adversary Action repeating the same claims *again*.

In addition to being barred by res judicata, the allegations in the Complaint are fatally uncertain and insufficient to comply with Federal Rules of Civil Procedure, Rule 8. Accordingly, Defendants respectfully requests that the Complaint be dismissed in its entirety <u>with prejudice</u>.

## II. STATEMENT OF FACTS

**A. Plaintiff's Loan.**

On or about March 27, 1995, Plaintiff and non-party co-borrower Everett E. Sanders ("Co-Borrower") borrowed $172,000.00 from The Prudential Home Mortgage Company ("the Loan"). *See,* Request for Judicial Notice ("RJN"), Exhibit 1. The Loan is secured with the real property located at 601 Napa Avenue, Rodeo, California (the "Property") via a recorded Deed of Trust ("the DOT"). *Id.*

On or about July 20, 1996, Prudential sold the Loan and assigned the DOT to Norwest Mortgage. RJN, Exhibit 2. On or about October 21, 2008, Wells Fargo Bank, N.A. sbmt Wells Fargo Home Mortgage, Inc fka Norwest Mortgage, Inc. sold the Loan and assigned the DOT to Wells Fargo Bank, N.A. ("Wells Fargo"). RJN, Exhibit 3.

B. **Plaintiff's Default on the Loan and Bankruptcy.**

Plaintiff failed to make the payments due under the Loan and, as of February 2016, the Loan was $39,121.42 in arrears. *See,* RJN, Exhibit 5. As a result, on February 11, 2016, Plaintiff filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District – Oakland Division, thereby commencing the Bankruptcy Case asfFifth sociated with this Adversary (Case No. 16-40374 CN) (the "Bankruptcy"). RJN, Exhibit 4.

On June 13, 2016, Wells Fargo filed its Proof of Claim ("POC") in the Bankruptcy, listing a total secured claim of $135,025.58, with $39,121.42 in pre-petition arrears. RJN, Exhibit 5. On July 8, 2016, this Court entered an Order confirming Plaintiff's Fifth Amended Chapter 13 Plan ("Confirmation Order"). RJN, Exhibits 6-7.

On or about February 12, 2019, Wells Fargo sold the Loan and assigned the DOT to Specialized Loan Servicing ("SLS"). RJN, Exhibit 8. As a result, on February 25, 2019, Wells Fargo transferred the POC to SLS. RJN, Exhibit 9. Thereafter, SLS sold the Loan and assigned the DOT to the Trust. RJN, Exhibit 10. As a result, on or about February 11, 2021, SLS transferred the POC to the Trust. RJN, Exhibit 11. Fay Servicing, LLC ("Fay") is the servicer of the Loan for the Trust. Complaint, ¶ 11.

On or about March 5, 2021, the Court entered an Order granting Plaintiff's request to modify her confirmed Plan due to COVID-19 ("Modification Order"). RJN, Exhibit 12. The confirmed modified Chapter 13 Plan ("Modified Plan") listed the Trust in Class 1, indicated that Plaintiff would make all post-petition mortgage payments due under the Note and DOT directly to the Trust and indicated that Plaintiff would cure $39,092.21 in pre-petition arrearages owed to the Trust over eighty-four (84) months. *Id.*

On November 2, 2022, the Chapter 13 Trustee filed a Notice of Final Cure Mortgage Payment in the Bankruptcy Action, concerning the Trust's POC and Plaintiff's Loan. RJN, Exhibit 13. On December 14, 2022, Plaintiff filed a Motion for Determination of Final Cure Amount and Payment on Debtor's Family-Home-Loan Account, seeking to deem the

Loan as post-petition current ("Final Cure Motion"). RJN, Exhibit 14. On February 15, 2023, the Trust filed its Opposition to the Final Cure Motion. RJN, Exhibit 15.

The initial hearing on the Final Cure Motion was continued by the Court on several occasions to permit the parties time to file additional briefing concerning their various positions, with particular focus on: (1) Plaintiff's proof of post-petition payments tendered to the Trust; (2) the COVID-19 Forbearance allegedly granted to Plaintiff; and (3) the denial of Plaintiff's application to the California Mortgage Relief Program ("HAF Funds"). *See,* RJN, Exhibit 16 (Docket Nos. 254, 260, 261, 262, 263, 264, 265, 266, 279, 286, 290, 292, 293, 294, 302, 305, 306, 310 & 315). After multiple briefs and several hearings, the Court set the Final Cure Motion for evidentiary hearing on January 9, 2024, and clarified that it would only focus on the above-enumerated 3 items at trial. *Id.* (*see,* Docket Nos. 315 & 340).

Plaintiff raised the issue of misapplication of funds, and the validity of the lien in her Objection to POC 3, filed May 28, 2019. *See,* RJN, Exhibit 17. On January 23, 2023, the Court entered an Order Overruling Plaintiff's Objection to POC 3 after this issue had been fully litigated along with standing issues. RJN, Exhibit 18. The Order Overruling Objection to POC 3, was not appealed.

## C. The Trust's Motion for Summary Judgment in the Bankruptcy.

On September 1, 2023, the Trust filed a Motion for Summary Judgment ("the MSJ") to dispose of Plaintiff's Final Cure Motion and the scheduled Evidentiary Hearing. RJN, Exhibit 19. Plaintiff opposed the MSJ and, after several rounds of briefing, on December 4, 2023, the Court issued a detailed Order granting the MSJ. RJN, Exhibit 20. The MSJ Order found that, based on all the admissible evidence submitted, there was no material factual dispute that: (1) the Trust's accounting of Plaintiff's post-petition payments was undisputed, and conclusively established that Plaintiff was delinquent for the November 2018 through August 2023 post-petition payments at the time of the NOFC; (2) Plaintiff received a forbearance of at least 12 months, and this period expired long before Plaintiff ever completed her Chapter 13 plan payments to the Chapter 13 Trustee; (3) the forborne

4

MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case: 25-04001    Doc# 10    Filed: 02/20/25    Entered: 02/20/25 17:09:20    Page 4 of 13

payment amounts were due and payable when the Chapter 13 Trustee served her NOFC on November 2, 2022; and (4) after the parties had completed formal discovery, there is still no evidence presented that Plaintiff ever contacted SLS or Fay to discuss repayment options. *Id.*

On or about December 18, 2023, Plaintiff filed a Motion to Reconsider seeking to challenge the MSJ Order. RJN, Exhibit 21. However, Plaintiff did not present any newly discovered evidence and did not contend that there had been an intervening change in the controlling law. Rather, she just asserted that the MSJ Order is clearly erroneous and/or manifestly unjust because: (1) the Trust lacked standing, and (2) Plaintiff was prevented from obtaining an "exit strategy" from Creditor. *Id.* Thus, on or about January 25, 2024, after a hearing was held, the Motion to Reconsider was denied. RJN, Exhibit 22. In its Order denying the Motion, the Court correctly rejected Plaintiff's rehashed standing arguments, and properly disregarded Plaintiff's bad faith and incorrect assertion that she was prevented from obtaining an "exit strategy," because the complete record, which the court considered in rendering the MSJ Order, did not support Plaintiff's arguments at all. *Id* at p. 4. Rather, the record clearly showed that the Trust repeatedly, through its servicers, invited Plaintiff to contact them to discuss a repayment plan or other arrangement, but Plaintiff never did. *Id.* Thus, the Court did not find any of the statements in the MSJ Order to be clear error and properly denied the Motion for Reconsideration.

On January 29, 2024, *just four (4) days* after the Motion to Reconsider was denied, Plaintiff filed a "Motion for Damages", that was nothing more than *another* motion to reconsider in disguise, as it raised the same issues already raised and rejected by this Court *repeatedly*. RJN, Exhibit 23. On March 5, 2024, the Court entered an Order denying this Motion. RJN, Exhibit 24.

On February 9, 2024, Plaintiff filed a Notice of Appeal and Statement of Election in the Bankruptcy, appealing the MSJ Order and Motion to Reconsider Order to the Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP"). RJN, Exhibit 25. On December 18, 2024, the BAP entered an Order upholding and affirming the MSJ Order,

concluding: "based on an independent review of the record, the bankruptcy court applied the correct law and its finding that there was no dispute that Sanders was not post-petition current at the time she completed her Plan Payments is supported by the record. Therefore, the bankruptcy court did not err in entering the Summary Judgment Order." RJN, Exhibit 26, p. 22. The BAP further held that the "bankruptcy court did not abuse its discretion in denying Sanders's motion for reconsideration of the Summary Judgment Order because Sanders failed to demonstrate any basis for relief. Rather, Sanders used her motion to merely rehash the same arguments already presented." *Id.* at p. 23.

### III. THE STANDARD FOR MOTIONS TO DISMISS

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6). Although a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief (*FRCP* Rule 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 U.S. at 663. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" (*Id.*), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir., 2011) (holding that the Complaint must recite more than the elements and must plausibly show entitlement to relief). A motion to dismiss is properly granted where there is a lack of cognizable legal theory, or an absence of sufficient facts alleged under a cognizable legal theory. *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.,* 922 F.Supp.299, 304 (C.D. Cal., 1996).

Furthermore, matters that are properly the subject of judicial notice may be considered along with a complaint when deciding a motion to dismiss for failure to state a

claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir., 1986). The Court may also consider documents attached to a Motion to Dismiss where a plaintiff's complaint necessarily relies on such document *even though* it was not mentioned in or attached to the complaint. *See, Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir., 1998) (superseded by statute on other grounds). This prevents Plaintiffs from "deliberately omitting references to documents upon which their claims are based." *Id.; see also, Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 156–157 (2nd Cir. 2006) ("prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting.").

## IV.   DISCUSSION

### A.   Plaintiff's Complaint is Barred by Res Judicata and/or Collateral Estoppel.

The doctrine of res judicata bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (2001). Thus, an unsuccessful plaintiff cannot avoid the effects of an adverse final judgment by re-filing and asserting the same causes of action, or even related claims that were not asserted in the first action. *Lai v. Quality Loan Service Corp.*, 2010 U.S. Dist. LEXIS 97121, *10 (C.D. Cal., 2010). Res judicata is applicable under the Federal Rules of Civil Procedure whenever the following elements exist: (1) identity or privity between the parties; (2) an identity of claims; and (3) a final judgment on the merits. *See, Lai,* 2010 U.S. Dist. LEXIS 97121, *10. Here, Plaintiff's Adversary Action is barred by res judicata.

First, the parties to this action and the Bankruptcy are the same. *See,* RJN, Exhibits 21, 26; Complaint, p. 1. Both this action and the Bankruptcy were initiated by Plaintiff Angela Sanders. Plaintiff named Fay, the Trust and others as defendants in this action, and Plaintiff's claims raised in the Bankruptcy were also against Fay, the Trust and their predecessors in interest with respect to the Loan. *Id.* Accordingly, there is identity and privity between the parties.

Second, the present matter and the claims in the Bankruptcy share an identity of claims. The central criterion in determining whether there is an identity of claims between two actions is "whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted). Thus, new claims may be barred if they are based on the same nucleus of facts and such claims could have been raised in the earlier action, regardless of whether the new claims were actually litigated. *Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir. 1998). These are "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties...on the same cause of action." *Id.*; *see also, Feminist Women's Health Ctr. v. Codispoti,* 63 F.3d 863, 868 (9th Cir. 1995) (holding that res judicata bars subsequent action when the plaintiff "had to produce substantially the same evidence in both suits to sustain its case").

Here, Plaintiff seeks declaratory and injunctive relief, the recovery of "miscredited funds", a determination of lien validity, and damages for breach of the Chapter 13 Plan based on the vague and conclusory assertion that Defendants engaged in "improper servicing, miscrediting of payments, and issuance of conflicting promissory notes, which call into question the validity of the loan and lien on Plaintiff's property." Complaint, ¶¶ 1-2. However, as discussed above, these are the same claims that Plaintiff raised in various Motions and objections throughout the Bankruptcy, and which were already adjudicated against her. Specifically, in her objection to the Trust's POC, Plaintiff challenged the Trust's standing to enforce the Loan and the validity of the lien. RJN, Exhibits 16-18. Moreover, in her opposition to the Trust's MSJ, Plaintiff asserted the same vague and conclusory claims that her payments were "misapplied", and that the Chapter 13 Plan was breached. *See,* RJN, Exhibits 21 and 26. These claims were all adjudicated against Plaintiff. *Id.* Plaintiff did not appeal the Court Order overruling her objection to the POC, but Plaintiff did appeal the Judgment entered on the Trust's MSJ. This Judgment was affirmed by the BAP. *See,* RJN, Exhibit 26. As a result, this Adversary Action is nothing more than an improper attempt by Plaintiff to re-litigate claims that were already adjudicated against

MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

her.

Third, the adjudication of Plaintiff's claims in the Bankruptcy is valid and final. Under Ninth Circuit precedent, "the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata." *In re Bevan*, 327 F.3d 994, 997 (9th Cir. 2003) (quoting *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir.1998). Here, Plaintiff's challenge to the Loan and lien were rejected by this Court when it overruled Plaintiff's objection to the Proof of Claim, and this Order was not appealed. *See,* RJN, Exhibits 16-18.

Moreover, Plaintiff's claims about the "misapplication" of payments and breach of the Chapter 13 Plan were repeated the Bankruptcy and adjudicated against Plaintiff. *See,* RJN, Exhibits 21 and 26. Accordingly, Plaintiff's Complaint is barred by res judicata, and for this reason alone, the Complaint should be dismissed. *See Robertson v. Isomedix, Inc. (In re Int'l Nutronics, Inc.),* 28 F.3d 965, 969 (9th Cir., 1994); *FDIC v. Jenson (In re Jenson),* 980 F.2d 1254, 1256 (9th Cir. 1992).

**B.** <u>**The Complaint Fails Because It Does Not Comply With FRCP, Rule 8.**</u>

FRCP Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). The court may sua sponte dismiss a complaint pursuant to FRCP Rule 8(a); *see also, Visconti v. Visconti,* 2016 U.S. Dist. LEXIS 152194, *1-2 (C.D. Cal., 2016) (citing, *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008) ("[Rule] 41(b) authorizes a district court to dismiss a complaint . . . for failure to comply with Rule 8(a).").

1. Here, Plaintiff's Complaint is fatally uncertain. Plaintiff seeks declaratory and injunctive relief, the recovery of "miscredited funds", a determination of lien validity, and damages for breach of the Chapter 13 Plan. Complaint, ¶¶ 1-2. However, no facts are alleged to support these claims. In fact, the Complaint is devoid of any charging allegations against Defendants. Instead, Plaintiff alleges Wells Fargo misapplied payments, and this purported misapplication continued when Fay serviced the Loan. Complaint, ¶¶ 28, 35. Plaintiff fails to allege how payments were not properly applied and when this took place, and she does not allege how Defendants breached the Chapter 13 Plan. Indeed, this Court already held that Plaintiff not only cannot state a claim for misapplied payments or breach of the Plan, but it held Plaintiff failed to produce any evidence whatsoever to demonstrate that any payments were misapplied or that the Plan was breached. The BAP even stated in its opinion that "During the course of her bankruptcy, Sanders was rarely in compliance. Indeed, the Chapter 13 trustee filed sixteen motions to dismiss based on Sanders's failure to timely make Plan Payments. Although each of the trustee's motions was eventually withdrawn, they demonstrated Sanders's persistent untimeliness. Sanders was even less consistent with her Maintenance Payments." RJN, Exhibit 26, p. 3.

Without any charging allegations, Plaintiff's Complaint blatantly violates FRCP Rule 8. Accordingly, the Complaint fails to state a valid claim, and it should be dismissed with prejudice.

///
///
///
///
///
///
///
///
///

10

MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case: 25-04001    Doc# 10    Filed: 02/20/25    Entered: 02/20/25 17:09:20    Page 10 of 13

## V. CONCLUSION

Based on the foregoing, Plaintiff has failed to state a valid claim against Defendants. Accordingly, Defendants respectfully request that the Court grant this Motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: February 20, 2025      By:   *s/ Arnold L. Graff*
Arnold L. Graff , Esq.
Kristina M. Pelletier, Esq.
Attorneys for Defendants,
FAY SERVICING, LLC; US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust; VWH CAPITAL MANAGEMENT, LP; and VRMTG ACQ, LLC

# CERTIFICATE OF SERVICE

I, Iryna Brown, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 20, 2025, I served the following document(s) **MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP Rule 12(b)(1), (6)]**
on all interested parties in this action as follows:

[X]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| ANGELA SANDERS<br>601 Napa Avenue<br>Rodeo, California 94572<br>Telephone: (510) 852-9320<br>Email: angela.sanders13@gmail.com<br><br>*[Plaintiff Pro Per]*<br>[Via US Mail] | CASSANDRA J. RICHEY<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 E. Concours Street, Suite 350<br>Ontario, California 91764<br>(626) 371-7000 – Phone<br>ndcaecf@BDFGroup.com<br><br>*[Attorneys for Defendant WELLS FARGO BANK, N.A.]*<br>[Via NEF] |
| CHAPTER 13 TRUSTEE:<br>Martha G. Bronitsky<br>P.O. Box 5004 Hayward, CA 94540<br>[Via US Mail] | UNITED STATES TRUSTEE: Email:<br>USTPREGION17.OA.ECF@USDOJ.GOV<br>[Via NEF] |

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   **(BY ELECTRONIC SERVICE)** (CCP § 1010.6(a)(4)) , I caused the document(s) to be transmitted electronically from ibrown@wrightlegal.net to the e-mail address(es) indicated herein.  To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]   (BY FEDERAL EXPRESS OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 20, 2025, at Newport Beach, California.

_____
Iryna Brown