Entered on Docket
May 30, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: May 30, 2025

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANGELA ELEANOR SANDERS,<br><br>Debtor. | Case No. 16-40374 CN<br>Chapter 13 |
| ANGELA ELEANOR SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>VWH CAPITAL MANAGEMENT, LP, et al.<br><br>Defendants. | Adversary No. 25-4001 CN<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

On April 25, 2025, the court conducted hearings on the Motions to Dismiss for Failure to State a Claim filed by defendants Wells Fargo Bank ("Wells Fargo"), Fay Servicing, LLC ("Fay Servicing"), US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("US Bank"), VWH Capital Management, LP ("VWH") and VRMTG ACQ, LLC ("VRMTG") (collectively, "Defendants").[1] Appearances were stated on the record. At the conclusion

---

[1] While the FAC names five separate defendants, it fails to specifically allege which defendant took the actions complained of in each of the claims. Because the FAC is being dismissed in its entirety, the court will simply refer to "Defendant" or "Defendants" when the FAC does not specifically identify the alleged wrongdoer.

of the hearing, the court requested further briefing to address whether it had subject matter jurisdiction to address the claims asserted by plaintiff Angela Eleanor Sanders ("Plaintiff") in her First Amended Complaint (the "FAC"). [2] After consideration of the arguments of the parties, the supplemental briefs, the docket in the underlying bankruptcy case, and the Judgment entered by the Bankruptcy Appellate Panel, the court finds that it lacks subject matter jurisdiction to hear the majority of the claims asserted in the FAC. Moreover, the sole surviving claim must be asserted via motion, and on that ground is also being dismissed.

The parties are very familiar with the history underlying this dispute; thus, a detailed recitation of the facts is unnecessary. For purposes of the Motions to Dismiss, the court takes judicial notice of the following facts:

1. Plaintiff filed the underlying chapter 13 bankruptcy case on April 5, 2016. *In re Angela Eleanor Sanders,* Case No. 16-40374. Among the assets listed was Plaintiff's residence, located at 601 Napa Street, Rodeo, California (the "Property"). The Property was encumbered by a note and first deed of trust which, as of the petition date, was held by Wells Fargo. Wells Fargo subsequently transferred the note and deed of trust to US Bank (the "Note" and "DOT").

2. On July 8, 2016, Plaintiff confirmed her chapter 13 Plan (the "Plan"). The Plan provided for payments of arrears on the Note through the Plan and required Plaintiff to make her ongoing Note payments directly to the creditor that held the Note.[3]

3. On November 2, 2022, the Chapter 13 Trustee filed a Notice of Final Cure Mortgage Payment re Rule 3002.1. *See In re Angela Eleanor Sanders,* at dkt. #219. US Bank filed a response to the Rule 3002.1 notice in which it stated that there was a post-

---

[2] Plaintiff filed the FAC in response to Defendants filing Motions to Dismiss seeking to dismiss the original complaint, but before those motions were heard.

[3] During the bankruptcy, Plaintiff modified the Plan to adjust the amount of her monthly payment twice and modified the length of the plan once. *See*, *In re Angela Sanders*, at dkt. ##73, 87, 106, 123, 187 and 204. No other material provisions of her original Plan (including the requirement to pay ongoing monthly payments directly to the Noteholder) were modified.

petition delinquency of $97,837.24. *Id.* at Claim 3-3, doc dated 11/23/22. On December 14, 2022, Plaintiff filed a Motion for Determination of Final Cure, asserting that she was current on her post-petition mortgage payments. *Id.* at dkt. #234.

4. While Plaintiff's Motion for Determination of Final Cure was pending, Debtor received her chapter 13 discharge. *Id.* at dkt. ## 323 and 328.

5. On December 4, 2023, this court issued a Memorandum Decision and Order Granting US Bank and Fay Servicing's Motion for Summary Judgment on Debtor's Motion for Determination of Final Cure (the "Order"). *Id.* at dkt #360. The Order found that under Federal Rule of Bankruptcy Procedure 3002.1(h), Plaintiff had cured her pre-petition defaults on the Note and DOT but that she was not post-petition current on this secured debt when the Chapter 13 Trustee issued her Notice of Final Cure Payment under Federal Rule of Bankruptcy Procedure 3002.1(f). The determination was made after reviewing, among other things, substantial accounting information related to Plaintiff's post-petition note payments. This court thereafter denied Plaintiff's motion for reconsideration (the "Reconsideration Order"). *Id.* at dkt #369.

6. Plaintiff appealed the Order and the Reconsideration Order to the Ninth Circuit Bankruptcy Appellate Panel (the "BAP"). On December 19, 2024, the BAP entered a Memorandum and Judgment affirming the Order (the "Judgment"). *Id.* at dkt. ##409 and 410.

7. Plaintiff appealed the Judgment to the Ninth Circuit Court of Appeals (the "Ninth Circuit"). *Id.* at dkt #420. That appeal is pending.

8. Plaintiff filed this adversary proceeding on January 21, 2025, after the BAP entered the Judgment and before she appealed the Judgment to the Ninth Circuit.

The FAC asserts the following claims for relief:

1. Declaratory Relief: Plaintiff seeks a court declaration to rectify alleged payment misapplications and escrow and suspense account errors, resolve accounting errors and ascertain the validity of the underlying loan and security agreement.

2. Injunctive and Equitable Relief: Plaintiff requests that this court impose measures to correctly implement Debtor's COVID 19 forbearance, correct accounting errors, require

correct application of payments on an ongoing basis, and require and establish a viable exit strategy.

3. Recovery of Funds: Plaintiff requests the court to impose a process to reclaim any mismanaged funds.

4. Determination of Lien Validity: Plaintiff requests the court to determine the legitimacy, precedence, and/or extent of liens or claims on the Property.

5. Breach of Chapter 13 Plan: Plaintiff seeks a finding that Defendants violated her chapter 13 Plan by misapplying post-petition payments to pre-petition arrears, which resulted in post-petition default.

6. Promissory Note Discrepancies: Plaintiff alleges that there are two different versions of the promissory note held by Defendants and requests that the court determine which note controls as well as the validity of that note.

7. Violation of the Discharge Injunction: Plaintiff seeks a finding that post-discharge, Defendants engaged in collection activities by: (1) attempting to collect pre- and post-petition balances that were resolved through the plan; (2) assessing and attempting to collect fees, charges and escrow overages that were not disclosed in the POC or included in the Response to Notice of Final Cure; (3) failing to properly apply the HAF funds; (4) continuing to treat the account as delinquent despite Sanders completing her plan and receiving a discharge; and (5) refusing to provide monthly statements reflecting accurate balances after discharge.

8. Violation of F.R.B.P. 3002.1(c): Plaintiff seeks a finding that Defendants: (1) assessed unauthorized fees and costs without court approval during the bankruptcy case; (2) improperly charged fees and costs during Plaintiff's COVID 19 forbearance; and (3) failed to disclose these fees in Defendants' Response to Notice of Final Cure.

9. Fraudulent Servicing and Misapplication of Funds: Plaintiff seeks a finding that Defendants engaged in fraudulent practices by submitting two versions of the promissory note, misapplying payments and providing false reasons for rejecting the HAF funds.

Defendants have moved to dismiss the FAC for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), made applicable here by Federal Rule of

Bankruptcy Procedure 7012(b). A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6) (West 2025). While Defendants have raised serious issues regarding the merits of Plaintiff's claims - primarily arguing that the claims are barred by issue and/or claim preclusion, the Court has a more fundamental concern regarding whether it has subject matter jurisdiction, which is also grounds to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (subject matter jurisdiction is properly raised in a motion to dismiss under Rule 12(b)(1)). While no party raised this issue, the court may do so on its own. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999); Fed.R.Civ.P. 12(h)(3).

Rule 12(b)(1) jurisdictional attacks can either be facial or factual. *White v. Lee*, 227 at 1242 (citation omitted). With a Rule 12(b)(1) factual attack, a court "may look beyond the complaint to the matters of public record without having to convert the motion into one for summary judgment. . . . It also need not presume the truthfulness of the [plaintiff's] allegations." *Id.* (internal citations omitted). In evaluating this court's jurisdiction, the court considers the record in the underlying bankruptcy case – specifically the Order, the Judgment, and the appeal pending in the Ninth Circuit.

The claims in the FAC fall into three basic categories: (1) accounting issues;[4] (2) challenges to the validity of the Note and DOT;[5] and (3) alleged violations of the discharge injunction.[6] The court will address each in turn.

Many of the claims asserted in the FAC are variations on, if not the exact same claims Plaintiff asserted against Defendants in her Motion for Determination of Final Cure and which were rejected in the Order. Plaintiff, unhappy with the Order and Reconsideration Order, appealed first to the BAP and then to the Ninth Circuit. Unfortunately, Plaintiff's appeal of the Order and Reconsideration Order, and her

---

[4] Claims 1, 2, 3, 5, 8 and 9.

[5] Claims 1, 4, 6 and 9.

[6] Claim 7.

subsequent appeal of the Judgment greatly restricts this court's jurisdiction over almost all of the FAC's claims for relief.

The filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the [bankruptcy] court of its control over those aspects of the case involved in the appeal." *Trulis v. Barton*, 107 F.3d 685, 694-95 (9th Cir. 1995). "By this, it is meant that the [bankruptcy] court cannot alter the status quo by, for example, entering an order that supplements the order on appeal." *Knutson v. Price (In re Price)*, 410 B.R. 51 (Bankr. E.D.Cal 2009) (citing *McClatchy Newspapers v. Cent. Valley Typographical Union*, 686 F.2d 731, 734-35 (9th Cir. 1982); *Hill & Sanford, LLP v. Mirzai (In re Mirzai)*, 236 B.R. 8, 10 (9th Cir. BAP 1999)). The purpose of this judicially-created doctrine is to promote judicial economy and to prevent the dysfunction that could result from two courts addressing the same issue." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Marino v. Classic Auto Refinishing, Inc. (In re Marino)*, 234 B.R. 767, 769 (9th Cir. BAP 1999) (citation omitted). Once an appellate court – here, the BAP - renders a decision on the appealed matter, jurisdiction remains with the BAP court until it issues its mandate. *In re Marino*, 234 B.R. at 770 (citations omitted). An appeal of a BAP order similarly divests both the bankruptcy court and the BAP of jurisdiction. *Id.* (citations omitted).

Much of the FAC is dedicated to the proposition that the accounting presented by US Bank in response to the Motion for Determination of Final Cure was incorrect. The specific issue addressed by the Order and affirmed by the BAP Judgment was whether Plaintiff was post-petition current on the Note under Federal Rule of Bankruptcy Procedure 3002.1(h). In determining that Plaintiff was not post-petition current on her Note payments, this court was presented with, and considered, substantial accounting information provided by US Bank and Plaintiff. Thus, any appeal of the Order necessarily implicates the accounting issues considered by this court. And to the extent that those accounting issues mirror the claims in the FAC, the court has been divested of its subject matter jurisdiction over those claims. In addition, to the extent that the FAC attempts to expand the dispute to pre-petition and post-discharge payments, fees wrongfully charged

during the bankruptcy, or fees charged but not disclosed or approved by this court during the bankruptcy, those fees and payments, and the related accounting issues, cannot be considered in a vacuum. They also require consideration of the Order. Thus, the court lacks jurisdiction over those claims as well. Because the court has been divested of subject matter jurisdiction as to any accounting issues by the pending appeal, dismissal of claims ## 1 (Declaratory Relief), 2 (Injunctive/Equitable Relief), 3 (Recovery of Funds), 5 (Breach of Chapter 13 Plan), 8 (Violation of F.R.B.P. 3002.1(c)), and 9 (Fraudulent Servicing and Misapplication of Funds) is required.

The court similarly lacks jurisdiction to hear and resolve disputes about the legitimacy, precedence, and/or extent of liens or claims on the Property, as those claims are also on appeal. While the court initially opted not to address these claims in its Order,[7] it was forced to do so when Plaintiff raised them as a basis for her motion for reconsideration. Thus, in the Reconsideration Order, this court disposed of Plaintiff's arguments about the validity of the Note and DOT by finding: (1) Plaintiff's argument about her then-husband's authority to sign the Note on her behalf was "factually incorrect"; (2) even if Plaintiff were correct that the power of attorney used to sign on her behalf were defective, Plaintiff's right to void the DOT had "long since expired"; (3) US Bank had established standing to enforce the Note and DOT; and (4) Plaintiff was likely estopped from raising the validity of the Note and DOT by the post-petition positions she took related to the Property. *In re Angela Eleanor Sanders,* at dkt. # 369 at 2:21-4:3. Because the pending Ninth Circuit appeal necessarily challenges the findings made by this court related to the legitimacy, precedence, and/or extent of liens or claims on the Property, the court has been divested of subject matter jurisdiction as to those issues. As a result, dismissal of claims ## 1 (Declaratory Relief), 4 (Determination of Lien Validity), 6 (Promissory Note Discrepancies) and 9 (Fraudulent Servicing and Misapplication of Funds) is required.

The remaining claim for violation of the discharge injunction under 11 U.S.C. §

---

[7] In the Order, the court declined to address what it deemed were issues unrelated to the sole and narrow question of whether Plaintiff was post-petition current with her Note payments.

524(a)(2) must be dismissed as procedurally improper. In the Ninth Circuit, a contempt proceeding for violation of the discharge injunction under 11 U.S.C. § 524 must be initiated by motion pursuant to Federal Rule of Bankruptcy Procedure 9014, and not by adversary proceeding. *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011). Because claim # 7 (Violation of the Discharge Injunction) is required to be asserted by a motion, it is procedurally improper and dismissal is required.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motions to Dismiss the FAC are granted without prejudice.

**IT IS FURTHER ORDERED** that because the Second Amended Complaint contains the same jurisdictional and procedural defects as the FAC, the Motion for Leave to File Second Amended Complaint is denied. The hearing set for June 6, 2025, is off calendar.

***END OF ORDER***

Adversary No. 25-4001 CN

## COURT SERVICE LIST

**Angela Eleanor Sanders**
601 Napa Ave.
Rodeo, CA 94572

Other recipients are ECF participants